Harvey W. Pinkham v. Commissioner.
Pinkham v. Commissioner
Docket No. 59553.
United States Tax Court
T.C. Memo 1958-216; 1958 Tax Ct. Memo LEXIS 8; 17 T.C.M. (CCH) 1071; T.C.M. (RIA) 58216; December 23, 1958
*8 1. Held, respondent correctly determined deficiencies for each of the taxable years 1948, 1949, and 1950 by properly reconstructing petitioner's taxable income for the year 1948, using the bank deposits plus expenditures method and by properly disallowing net operating loss carry-overs to each of the years 1949 and 1950. 2. Held, respondent correctly reduced petitioner's medical expense deduction for the year 1949, in accord with section 23(x) of the I.R.C. of 1939. 3. Held, respondent correctly determined additions to tax under sections 291(a) and 293(a) of the I.R.C. of 1939 for each of the years 1948 and 1949, under section 294(d)(1)(A) for each of the years 1949 and 1950, and under section 294(d)(2) for each of the years 1948, 1949, and 1950. Solly K. Frankenstein, Esq., 225 E. Berry Street, Fort Wayne, Ind., for the petitioner. Conley G. Wilkerson, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion. Respondent determined deficiencies in petitioner's income tax and additions to tax under sections 291(a), 293(a), 294(d)(1)(A), and 294(d)(2) of the Internal Revenue Code of 1939, for the taxable years 1948, 1949, and 1950, as follows: [1]
Additions to tax under sections
Defi-
294(d)
294
Year
ciency
291(a)
293(a)
(1)(A)
(d)(2)
1948
$730.45
$182.61
$36.52
$43.83
1949
328.80
82.20
16.44
$32.88
19.73
1950
45.00
41.94
27.96
There are four questions: First, did the Commissioner correctly redetermine petitioner's taxable income for the year 1948 *10 by means of the bank deposits plus expenditures method; second, did respondent correctly disallow a claimed net operating loss carry-over to the taxable years 1949 and 1950; third, did respondent properly reduce petitioner's medical expense deduction for 1949; fourth, is petitioner liable for additions to tax under sections 291(a), 293(a), 294(d)(1)(A), and 294(d)(2) of the Code. Findings of Fact Petitioner resides in Fort Wayne, Indiana. He filed his Federal income tax returns for the taxable years 1948, 1949, and 1950 with the then collector of internal revenue at Indianapolis, Indiana. Prior to 1948 petitioner was engaged in the carpet and shade service business with his father on a partnership basis. In 1948 he took over the physical assets of the partnership and started in business for himself. He employed a bookkeeper and a workman. Petitioner suffered from a nervous condition, for which he took sedatives. By 1948 he had become addicted to narcotics and was in "rather bad" condition. He also consumed large quantities of whiskey, possibly as much as a fifth a day. Petitioner spent two weeks in a hospital in the early part of 1949. It was not then discovered that he *11 was addicted to narcotics. Later that year he was apprehended and confined for at least three months in a hospital and sanitarium. He did not return to work until January 1950. While he was ill, petitioner gave power of attorney to Donald Aultavolt to take care of his business. Petitioner's mother helped Aultavolt with the books. During 1948 petitioner obtained loans from various sources in the total amount of $3,864.50. These loans were taken into consideration by the respondent when computing the deficiencies here at issue. On his original income tax return for 1948, filed on or after November 30, 1949, petitioner reported a loss of $1,847.04. On an amended return for 1948, filed January 29, 1951, he reported a loss of $3,658.12. Respondent computed petitioner's income for 1948 by reference to bank deposits and expenditures, disallowed the claimed business loss in the amount of $1,847.04, and determined net income as adjusted to be $4,649.15. The amended 1948 return contained a duplication of automobile expenses in the amount of $764.95. On his income tax return for 1949, filed January 29, 1951, petitioner claimed a net operating loss deduction of $3,658.12 and reported a *12 loss of $251.35. Respondent disallowed the net operating loss deduction, reduced a deduction for medical expenses, and determined net income as adjusted to be $2,580.68. On his income tax return for 1950, filed on or after March 15, 1951, petitioner claimed a net operating loss deduction of $251.35 and reported adjusted gross income in the amount of $4,129.41. Respondent disallowed the net operating loss deduction and determined adjusted gross income to be $4,380.76. Opinion VAN FOSSAN, Judge: Petitioner has freely admitted that in 1948 he was addicted to the use of narcotics and was in "rather bad" condition; that he was getting to the point where things were badly out of order; that he could remember things at times, but on the other hand, wasn't doing things the way he should. He further admitted that he consumed large quantities of whiskey, possibly as much as a fifth a day. In the light of the confused state of petitioner's affairs in 1948 and in the absence of probative evidence to the contrary, we are of the opinion that respondent justifiably concluded that the method of bookkeeping employed by the petitioner did not clearly reflect income, and that he properly reconstructed *13 petitioner's income for the year 1948 by the bank deposits plus expenditures method. See Regulations 111, sec. 29.41-1. Petitioner urges that the bank deposit method of reconstruction employed by the respondent did not reflect his true income for the year 1948 and should be disregarded. In support of his contentions petitioner relies upon his own vague and uncertain statements that his bank deposits for the year 1948 contained items which were incorrectly included by respondent in the computation. It is rudimentary that the burden of disproving the respondent's determination rests upon the petitioner. Petitioner's statements, the only testimony offered, were confused, contradictory, and almost entirely uncorroborated. The respondent's computation was not introduced in evidence, nor was specific reference made to it. Petitioner has not shown that a single item was improperly included in respondent's reconstruction and has failed completely to carry his burden of proof. We therefore affirm respondent's determination of deficiency for the year 1948. It necessarily follows that there was no net operating loss for the year 1948 from which a carry-over could arise. Consequently, *14 the respondent's disallowance of a claimed net operating loss carry-over to the years 1949 and 1950 must be sustained and his determination of deficiencies for those years affirmed. Since respondent's disallowance of the net operating loss carry-over to the year 1949 resulted in the realization of income for that year, respondent properly reduced petitioner's medical expense deduction by 5 per centum of adjusted gross income, as adjusted. [2]
The only question remaining for consideration is whether respondent correctly determined additions to tax under sections 291(a) and 293(a) of the Code for each of the years 1948 and 1949, under section 294(d)(1)(A) for each of the years 1949 and 1950, and under section 294(d)(2) for each of the years 1948, 1949, and 1950. *15 Section 291(a) of the Code provides an addition to tax "In case of any failure to make and file return * * * within the time prescribed by law * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect, * * *." Petitioner filed his original return for the year 1948 on or after November 30, 1949. He filed his return for the year 1949 on January 29, 1951. Petitioner asserts that he is not liable for additions to tax under section 291(a) for the years 1948 and 1949 since no taxes were due for those years, and since sickness in the early part of 1949 prohibited him from making a timely return for that year. Petitioner's erroneous belief that he was not liable for any tax does not constitute reasonable cause for failure to file timely returns. Sabatini v. Commissioner, 98 Fed. (2d) 753 (C.A. 2, 1938). Nor does the record disclose that petitioner was incapacitated to such a degree as to be incapable of preparing his return or having one prepared on the date due. Respondent correctly determined additions to tax under section 291(a) of the Code. Cf. Alma Williams, 16 T.C. 893 (1951). Section 293(a) imposes an addition *16 to tax "If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, * * *." The burden of proving that the imposition of this addition is erroneous rests upon the petitioner. David Courtney, 28 T.C. 658 (1957). Petitioner failed to introduce evidence tending to show that the imposition of the addition to tax was incorrect and the issue was not raised in his brief. The addition to tax under section 293(a) of the Code is upheld. Section 294(d)(1)(A) of the Code provides for an addition to tax "In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown * * * to be due to reasonable cause and not to willful neglect, * * *." There is no evidence that petitioner filed declarations of estimated tax for either 1949 or 1950. Nor has petitioner introduced evidence that would lead us to conclude that his failure to file declarations of estimated tax for these years was due to reasonable cause. Respondent's determination of an addition to tax under section 294(d)(1)(A) of the Code must be sustained. Section 294(d)(2) of the Code provides *17 for an addition to tax "If 80 per centum of the tax * * * exceeds the estimated tax * * *." This addition to tax does not apply to a taxable year in which the taxpayer makes a timely payment of estimated tax in an amount at least as great as though computed on the basis of the taxpayer's status with respect to the personal exemption and credit for dependents but otherwise on the basis of the facts shown on his return for the preceding taxable year. In the event of failure to file the required declaration the amount of the estimated tax for the purpose of this provision is zero. Supplement to Regulations 111, section 29.294-1(b)(3)(A). Petitioner has not shown that estimated tax for any one of the years here at issue equalled 80 per centum of the tax determined for such year. There is no evidence of petitioner's net income for the year 1947, nor, as noted above, is there any evidence that petitioner filed a declaration of estimated tax for either of the years 1949 or 1950. Respondent correctly imposed an addition to tax under section 294(d)(2) of the Code. It follows that respondent's determinations must be in all respects upheld. Decision will be entered for the respondent. Footnotes
1. All references to Code section numbers are to the Internal Revenue Code of 1939, as amended.↩
2. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(x) Medical, Dental, Etc., Expenses. - Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in section 25(b)(3), to the extent that such expenses exceed 5 per centum of the adjusted gross income. * * *↩